MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
BRYAN REEVES, Assistant United States Attorney (DC #99479)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, UT  84111-2176
Telephone:  (801) 524-5682  •  Facsimile:  (801) 524-3399

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FRANCISCO GOMEZ-GARCIA, <br><br> Defendant. | Case No. 2:26-CR-00084-DBB <br><br><br> UNITED STATES' MOTION FOR DETENTION <br><br><br> JUDGE DAVID BARLOW |

The United States advises the Court of its Position Regarding Detention:

☐    The United States is not seeking detention.

☒    The United States moves for detention based on current information.  Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☐    The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B)

(specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**Rebuttable Presumption**

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

    ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

        **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

        **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

        **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

    ☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

        ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

        ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

        ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

        ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

        ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☒  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☒  The defendant's lack of legal status in the United States.  The defendant's legal status is: Illegally Present

☒  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒  The defendant's significant family or other ties outside of the United States.

☐  The defendant's use of aliases or false documents.

☒  The defendant's prior attempts to evade law enforcement.

☒  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐  The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

The United States seeks detention in this matter because no condition or combination of conditions will reasonably assure the appearance of the Defendant and/or the safety of the community.

The Defendant is a 49-year-old native and citizen of Mexico who has been removed from the United States by the U.S. government on 4 prior occasions. Specifically, the Defendant's immigration history indicates the following:

On March 26, 1997, the Defendant was arrested by U.S. immigration authorities.  He was ordered removed from the United States and on April 1, 1997, the Defendant was removed to Mexico.

On July 18, 1997, the Defendant was encountered by U.S. immigration authorities and issued an I-871, Notice of Intent/Decision to Reinstate Prior Order. On July 22, 1997, the Defendant was removed to Mexico.

On August 8, 2000, the Defendant was encountered by U.S. immigration authorities and issued an I-871, Notice of Intent/Decision to Reinstate Prior Order. On August 18, 2000, the Defendant was removed to Mexico.

On April 3, 2001, the Defendant was encountered by U.S. immigration authorities and was issued an I-871, Notice of Intent/Decision to Reinstate Prior Order. On June 1, 2001, the Defendant was removed to Mexico.

The Defendant never applied to the Attorney General or the Secretary of the Department of Homeland Security for permission to re-enter the United States after having been removed.

Additionally, the Defendant has a concerning criminal history in the United States, which includes the following arrests and/or convictions:

On October 12, 1995, the Defendant was arrested by the Santa Ana Sheriff's Office, Santa Ana, California, for the offense of Add Other Than Fire or GBI Force. Disposition unknown. Arrest Case No. 2591642706.

On December 20, 1996, the Defendant was arrested by the Buena Park Police Department, Buena Park, California, for Petty Theft, in violation of California Penal Code §484(a). the Defendant was convicted and sentenced to probation and jail. Case No. 965043.

On March 26, 1997, the Defendant was arrested by the Santa Ana Sheriff's Office, Santa Ana, California, for two counts of Petty Theft. The Defendant was subsequently charged by the Municipal Court, Westminster, California, for Failure to Appear After Written

Promise (PC §853.7) and Petty Theft (PC §484(a)). the Defendant was convicted and sentenced to probation and jail. Case No. 2591740693.

On June 24, 1997, the Defendant was arrested by the Santa Ana Sheriff's Office, Santa Ana, California, for Unlawful Sexual Intercourse with a Minor. Disposition unknown. Case No. 2591757254.

On June 19, 1998, the Defendant was arrested by the Santa Ana Sheriff's Office, Santa Ana, California, for Sex with a Minor. The Defendant was convicted and sentenced to 180 days custody (12 days served). Case No. 886259.

On February 20, 2000, the Defendant was arrested by the Santa Ana Sheriff's Office, Santa Ana, California, for Hit and Run Resulting in Death or Injury, in violation of California Vehicle Code §20001(a). The Defendant was convicted and sentenced to probation and jail.

On April 3, 2001, the Defendant was arrested by the Santa Ana Sheriff's Office, Santa Ana, California, for False Identification to a Peace Officer. The Defendant was subsequently charged by the Municipal Court, Laguna Niguel, California, for the offenses Driving Without a License and False Identification to a Peace Officer. the Defendant was convicted and sentenced to 30 days jail. Arrest Case No. 1993444.

Records further indicate the Defendant is wanted by the Santa Ana Sheriff's Office under NCIC Warrant dated June 6, 2001, Case Reference 0261816.

The Defendant should be detained as a flight risk and as a danger to the community. The Defendant's immigration history evidences his ability to illegally navigate the United States' border with Mexico, his disregard for the immigration laws of the United States, his foreign ties, and his lack of an established legal residence in the United States. Additionally, the Defendant's criminal history indicates his disregard for the the criminal justice system, his lack of respect for the criminal laws in the United States, and the danger he poses to the public. Taking into consideration all the above factors, the United States respectfully requests that the Defendant remain detained during the pendency of these criminal proceedings.

### Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    ☐ The victim(s) in this matter seek(s) a no contact order.

☒  This matter does not involve a victim requiring notification.


DATED this 25th day of March, 2026.


MELISSA HOLYOAK
First Assistant United States Attorney


BRYAN N. REEVES
Assistant United States Attorney